# NO. 12-22-00081-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *JAMES BART JORDAN,* *APPELLANT* | § | *APPEAL FROM THE 411TH* |
| | § | *DISTRICT COURT* |
| *V.* | | |
| | § | *POLK COUNTY, TEXAS* |
| *THE STATE OF TEXAS,* *APPELLEE* | | |

---

## *MEMORANDUM OPINION*
### *PER CURIAM*

James Bart Jordan appeals his conviction for intentionally inflicting bodily injury on a child. Appellant's counsel filed a brief in compliance with ***Anders v. California***, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967) and ***Gainous v. State***, 436 S.W.2d 137 (Tex. Crim. App. 1969). We affirm.

### BACKGROUND

Appellant was charged by indictment with injury to a child—bodily injury with intent.[1] Appellant pleaded "not guilty," and the matter proceeded to a jury trial.

At trial, J.J. testified that on February 24, 2021,[2] his mother and Appellant, his father, were arguing in the living room of his mother's home. J.J. stated that he went into the living room to see what was going on and soon began arguing with Appellant. According to J.J., the argument escalated, and Appellant struck him in the face several times, punched him in his body, pulled his hair, and took him to the ground. J.J. testified that his mother and sister were able to pull Appellant off him, at which point, he, his mother, and his sister drove to his grandmother's

---

[1] *See* TEX. PENAL CODE ANN. § 22.04(a)(3), (f) (West Supp. 2022).

[2] J.J. testified that he was, then, fourteen-years-old. *See id.* § 22.04(c)(1).

house where they called police. J.J. stated that when Appellant hit him and pulled his hair, it caused him pain.

Following the presentation of evidence and argument of counsel, the jury found Appellant "guilty" as charged, and the matter proceeded to a trial on punishment. Ultimately, the jury assessed Appellant's punishment at imprisonment for five years. The trial court sentenced Appellant accordingly, and this appeal followed.

## ANALYSIS PURSUANT TO *ANDERS V. CALIFORNIA*

Appellant's counsel filed a brief in compliance with *Anders v. California* and *Gainous v. State*. Appellant's counsel states that he diligently reviewed the appellate record and is of the opinion that the record reflects no reversible error and that there is no error upon which an appeal can be predicated. He further relates that he is well-acquainted with the facts in this case. In compliance with *Anders*, *Gainous*, and *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. [Panel Op.] 1978), Appellant's brief presents a chronological summation of the procedural history of the case and further states that Appellant's counsel is unable to raise any arguable issues for appeal.[3] We likewise have reviewed the record for reversible error and found none.

## CONCLUSION

As required by *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1991), Appellant's counsel moved for leave to withdraw. *See also In re Schulman*, 252 S.W.3d 403, 407 (Tex. Crim. App. 2008) (orig. proceeding). We carried the motion for consideration with the merits. Having done so and finding no reversible error, we *grant* Appellant's counsel's motion for leave to withdraw and *affirm* the trial court's judgment.

As a result of our disposition of this case, Appellant's counsel has a duty to, within five days of the date of this opinion, send a copy of the opinion and judgment to Appellant and advise him of his right to file a petition for discretionary review. *See* TEX. R. APP. P. 48.4; *In re Schulman*, 252 S.W.3d at 411 n.35. Should Appellant wish to seek review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for

---

[3] In compliance with *Kelly v. State*, Appellant's counsel provided Appellant with a copy of the brief, notified Appellant of his motion to withdraw as counsel, informed Appellant of his right to file a pro se response, and took concrete measures to facilitate Appellant's review of the appellate record. *See Kelly v. State*, 436 S.W.3d 313, 319 (Tex. Crim. App. 2014). Appellant was given time to file his own brief. The time for filing such a brief has expired and no pro se brief has been filed.

discretionary review on his behalf or he must file a petition for discretionary review pro se. Any petition for discretionary review must be filed within thirty days from either the date of this opinion or the date that the last timely motion for rehearing was overruled by this court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with the Texas Court of Criminal Appeals. *See* TEX. R. APP. P. 68.3(a). Any petition for discretionary review should comply with the requirements of Texas Rule of Appellate Procedure 68.4. *See **In re Schulman***, 252 S.W.3d at 408 n.22.

Opinion delivered May 10, 2023.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**MAY 10, 2023**

**NO. 12-22-00081-CR**

**JAMES BART JORDAN,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 411th District Court

of Polk County, Texas (Tr.Ct.No. CR21-0090)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and J., Neeley*